# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7208 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Gilbert Blakes Jr. vs. Pace Northwest Division | | |

**DOCKET ENTRY TEXT**

For reasons set forth in the Statement portion of this order, plaintiff Gilbert Blakes Jr.'s "*In Forma Pauperis* Application" [3] is denied.  Blakes's "Motion for Appointment of Counsel" [4] is dismissed as moot.  Civil case terminated.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

On October 26, 2011, plaintiff Gilbert Blakes, Jr. ("Blakes") submitted to this court a "1st Amendment - Amend Complaint" (Dkt. No. 7) alleging that his former employer, Pace Northwest Division ("Pace"), discriminated against him on the basis of age and disability by terminating his employment in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Genetic Information Nondiscrimination Act ("GINA").  Blakes has also submitted an "*In Forma Pauperis* Application" (Dkt. No. 3) and a "Motion for Appointment of Counsel" (Dkt. No. 4), which are pending before the court.

Requests to proceed *in forma pauperis* ("IFP") are reviewed under 28 U.S.C. § 1915.  To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988).  However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

"The ADA, ADEA, and GINA all require a plaintiff to file a charge of discrimination with the EEOC or with a state's fair employment practices agency before filing a complaint in federal court." *Ze-Ze v. Kaiser Permanente Mid-Atl. States Regions, Inc.*, No. 1:10cv959, 2011 WL 320945, at *4 (E.D. Va. Jan. 28, 2011) (Brinkema, J.); *see* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d); 42 U.S.C. § 2000ff-6.  In other words, "[a] plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge." *Cable v. Ivy Tech. State College*, 200 F.3d 467, 476 (7th Cir. 1999).

Blakes alleges in his first amended complaint that he filed a charge with the EEOC on March 10, 2010, "asserting the acts of discrimination indicated in this complaint."  (1st Am. Compl. ¶ 7.1.)  Although Blakes did not attach a copy of the relevant EEOC charge to his amended complaint, the March 10, 2010 EEOC charge was attached as an exhibit to Blakes's original complaint in this lawsuit.  (Dkt. No. 1.)  The

March 10, 2010 EEOC charge alleges that Pace discriminated against Blakes on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964.  It does not allege that age, disability, or genetic information was a basis for Pace's discriminatory treatment of Blakes.

Because Blakes has failed to plead and exhaust his ADA, ADEA, and GINA claims before the EEOC, he has failed to state a claim for which relief can be granted in this court.  *See Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) (noting that "failure to exhaust is not a jurisdictional defect, albeit it is a reason for dismissal").  Blakes's "*In Forma Pauperis* Application" (Dkt. No. 3) therefore must be denied, and his "Motion for Appointment of Counsel" (Dkt. No. 4) is dismissed as moot.  Civil case terminated.

James F. Holderman

| | Courtroom Deputy Initials: | A.M.M. |
| --- | --- | --- |

11C7208 Gilbert Blakes, Jr. vs. Pace Northwest Division

Page 2 of  2